# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BRENT HOILAND, | ) | CASE NO. 5:19-cv-2112 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | **MEMORANDUM OPINION AND ORDER** |
| NFM/WELDING ENGINEERS, INC., et al., | ) | |
| DEFENDANTS. | ) | |

Now before the Court is the parties' joint motion for approval of settlement (Doc. No. 19 ["Mot."]), supported by the Declaration of Christopher Wido (Doc. No. 20 ["Wido Decl."]). Because the Court finds that the settlement represents a fair resolution of plaintiff's claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3), the joint motion is granted, and the settlement is approved.

**I. BACKGROUND**

Plaintiff, Brent Hoiland ("Hoiland"), filed a complaint against defendants, NFM/Welding Engineers, Inc. ("NFM") and Marc Hindley ("Hindley") (collectively the "defendants"), alleging that defendants violated the FLSA and Ohio law by, among other things, retaliating against Hoiland for making protected FLSA complaints. (Doc. No. 1.)

On March 10, 2020, the parties notified the Court that the case had settled and on March 23, 2020, the parties filed the instant motion. (*See* Mot.)

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cty. Gov't*, Civil Action No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id*. (quoting 29 U.S.C. § 202) (further citation omitted).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)*; Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances where a federal district court approves the settlement of a suit brought pursuant to the FLSA. *Id*.

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id*. (citing *Crawford*, 2008 WL 4724499, at *3). The Court

should also consider the following factors: the risk of fraud or collusion; the complexity, expense, and likely duration of the litigation; the amount of discovery completed; the likelihood of success on the merits; and, the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the divergent views of the facts and the law presented bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury. The parties' motion confirms this. (*See* Mot. at 98–99[1].) Specifically, the parties dispute whether Hoiland ever made an FLSA complaint to NFM, the basis for Hoiland's termination, and liability generally. (Mot. at 99.)

Having reviewed the terms of the settlement, the Court finds that the settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court notes that the settlement was the result of extensive settlement negotiations between parties that were represented by able counsel. (*See* Mot. at 99.) As such, the Court finds no risk of fraud or collusion. Additionally, the Court finds that the award of attorney's fees to plaintiff's counsel, which is supported by a declaration filed by counsel, is reasonable, taking into consideration the course of proceedings and the successful outcome providing substantial relief to the plaintiff. While the Court is not in a

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

position to assess the likelihood of success on the merits, the Court finds that the other relevant factors weigh in favor of approving the settlement.

## IV. CONCLUSION

For all of the foregoing reasons, the Court grants the parties' joint motion (Doc. No. 19) and approves the settlement. (Doc. No. 20-1.) The claims in plaintiff's complaint are dismissed with prejudice and this case is closed.

**IT IS SO ORDERED**.

Dated: April 10, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**